IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVE A. HICKMAN,          )<br>                            )<br>       Plaintiff,          )<br>                            )<br>   v.                       )     Civ. No. 06-342-KAJ<br>                            )<br>DETECTIVE MARZEC, TOWN OF   )<br>DELMAR, OFFICER ROGERS,     )<br>TOWN OF GEORGETOWN, and     )<br>CHIEF HAL SAYLOR,           )<br>                            )<br>       Defendants.          )| |

**MEMORANDUM ORDER**

Plaintiff Steve A. Hickman brings this civil rights action for an unlawful stop without probable cause pursuant to 42 U.S.C. § 1983. He also refers to a supplemental state claim. Hickman appears *pro se* and, on June 1, 2006, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 6.) I now proceed to review and screen the complaint pursuant to 28 U.S.C. § 1915.

For the reasons discussed below, I am dismissing the claims against the Town of Delmar and the Town of Georgetown as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   THE COMPLAINT**

Hickman alleges that on June 30, 2005, his vehicle was stopped without probable cause by defendant Officer Rogers ("Rogers") of the Georgetown Police Department. Hickman alleges that he was stopped on orders of Detective Marzec ("Marzec"), and that Saylor ("Saylor"), the Chief of Police for Delmar, assisted Marzec. Hickman alleges that neither Marzec nor Rogers had probable cause to stop the

vehicle. Hickman further alleges that the defendants discriminated against him on the basis of race. He also names as defendants the Town of Delmar and the Town of Georgetown. Hickman seeks compensatory damages and injunctive relief.

## II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Inasmuch as plaintiff proceeds *pro se*, I will construe the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III.   ANALYSIS

Hickman names as defendants the Town of Delmar and the Town of

Georgetown.  The complaint contains no allegations against these defendants

A cause of action exists for municipal liability when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978).  A plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights.  *Board of the County Comm'rs v. Brown,* 520 U.S. 397, 404 (1997).

Hickman has not pled that the Towns of Delmar and Georgetown were the "moving force" behind any alleged constitutional violation nor has he pled there was a causal connection between any action of these two defendants and the alleged deprivation of his federal rights.  Absent any allegation that a custom or policy established by the Town of Delmar or the Town of Georgetown directly caused harm to Hickman, his § 1983 claims against them cannot stand.  The claims against these two towns are frivolous and I am dismissing them pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

IT IS THEREFORE ORDERED as follows:

1. Defendants the Town of Delmar and the Town of Georgetown are DISMISSED without prejudice as the claims brought against them are frivolous.

2. Hickman has raised what appear at this point to be cognizable claims

against Detective Marzec, Officer Rogers and Chief Hal Saylor. He is allowed to PROCEED against these defendants.

IT IS FURTHER ORDERED that:

1. Pursuant to Fed. R. Civ. P. 4(c)(2), 4(I), and 4(j), plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for: **remaining defendants Detective Marzec, Hal Saylor, Officer Rogers, Chief of Police for the Town of Delmar; the Chief Executive Officer for the Town of Delmar; the Chief Executive Officer for the Town of Georgetown; the United States Attorney for the District of Delaware,** The Nemours Building, 1007 Orange Street, Suite 700, P. O. Box 2046, Wilmington, DE 19899-2046; and (6) **the Attorney General of the United States**, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001. Failure to submit these forms may provide grounds for dismissal of the lawsuit pursuant to Fed. R. Civ. P. 4(m).

**Plaintiff must also provide the court with copies of the complaint (D.I. 2) for service upon the remaining defendants, the Chief Executive Officers for the Towns of Delmar and Georgetown, the United States Attorney for the District of Delaware, and the Attorney General of the United States. Plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms with copies of the complaint have been received by the clerk of the court. Failure to provide a "U.S. Marshal 285" form and a copy of the complaint for each remaining defendant within 120 days of the date of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Fed. R.**


**Civ. P. 4(m).**

2. Upon receipt of the completed "U.S. Marshal 285" form(s), the United States Marshal shall serve a copy of the complaint and this order upon the remaining defendant(s) as directed by plaintiff. All costs of service shall be advanced by the United States.

3. Blank U.S. Marshal 285 forms are being provided to you along with this order.

4. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

                                        /s/ Kent A. Jordan
                                        UNITED STATES DISTRICT JUDGE

July 5, 2006
Wilmington, Delaware