IN THE UNITED STRATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVE HICKMAN | ] | |
| | ] | |
| Plaintiff, | ] | C.A. No. 06-342-KAJ |
| | ] | |
| vs | ] | |
| | ] | |
| DETECTIVE MARZEC, | ] | |
| TOWN OF DELMAR, | ] | |
| OFFICER ROGERS, TOWN | ] | |
| OF GEORGETOWN, and | ] | |
| CHIEF HAL SAYLOR, | ] | |
| | ] | |
| Defendants | ] | |



FILED
JUL 17 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
RO scanned

AMENDED COMPLAINT

NOW Comes the plaintiff, Steve Hickman, pro se, who so moves the Honorable Court, pursuant to Fed. Rule Civ. Pro. 15(a) and in support of the same the following is asserted:

[1]. It is a common policy of towns and cities in the State of Delaware as well as policy of Delmar and City of Georgetown to allow certain officers to work with DEA, and still remain in their employ and use their 'badge of authority' given by these towns and cities, to obtain warrants and arrest listing these towns and cities as legal authority to do the same.

[2]. This policy by the Town of Delmar and City of Georgetown, has caused great harm and damages to Steve Hickman and has violated his Constitutional rights under the fourth (4th) Amendments as well as Equal Protection of the Law and Due Process of the Law of the Fourteen Amendment.

a. Marzec and his fellow police officer arrest and act as Delaware Policemen, utilize Delaware Courts, Judges, warrants and papers, but when needed, they insert the fact they work for DEA [Federal] and it is this masquerade that has caused numerous problems and injuries og Hickman's civil rights by actions and in-actions of agents of the City of Georgetown and Town of Delmar. Pembaur v. Cincinnati, 475 U.S. 469

[3]. This is a 'well ' established policy of the Town of Delmar and even the Chief of Police Hal Saylor to part in the incident of June 30, 2005 and this is a "deliberate type of conduct" on the part of Town of Delmar and is the "moving

Page Two Hickman vs Marzec, et al;

    The casual link is that these policemen admit working for these Towns and Cities and using their 'badge of authority', given by their charters thus making these Towns and Cities culpable to civil liabilities and penalties, when their police violate constitutional rights of named plaintiff.Monell v. New York City Dept. of Social Servs, 436 U.S. 658 .

    These Towns and Cities are responsible for the training, supervision and authorization of the acts of these policemen and when they knowing allow them to work with or for a federal police organization they place their 'seal of approval' and do this leaving these policemen still with authority to obtain warrants, make arrests and issue paperwork in the name of that Town or City's Police Department they are more than casually aware and so is their culpability.Board of Comm'rs of Bryan Cty. V. Brown, 520 U.S. 397 (1997)

    The failure to train Marzec and his fellow police officers (a) not to act without probable cause (Including Officer Roger of City of Georgetown) led directly to violation Of Hickman's right, which is an obvious and recurring situation led to obvious violation of hickman's civil rights and shows the 'deliberate indifference' to substain the cause of action against the Town of Delmar and City of Georgetown.Canton v. Harris, 489 U.S. 378 at 388

    A complaint setting forth that plaintiff [Hickman] has been damaged by Defendants [Town of Delmar and City of Georgetown] negligence, but the plaintiff is unable o aver the particular acts of negligence because the instrumentality [Marzec and Officer Rogers and fellow policemen] causing the damage was under Defendants sole control [Police Departments] sole control states a valid cause of action and will not be dismissed because failing to aver the particular acts of negligence. Steenburg v. Harry Braunstien, Inc., 77 A.2d 206 (1950)

    Because of Fed. Rule Civ. Pro 15(a) states A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served and at this time no responsive pleading has been served in the 'instant' case. So the plaintiff ask the Court to rename the Town of Delmar and City of Georgetown as defendant in the present matter.

                                   Respectfully, submitted

                                   Steve Hickman
                                   9008 Green Top Rd
                                   Lincoln, DE. 19960

July 7, 2006-

I, Steve Hickman verify service of the attached Document upon all listed below, with my signature this is verified and done Via U.S. Mail, on this 14th day of July 2006

Steve Hickman

Mr Jeff M Beausang       Mr Daniel A Griffith
Asst U.S. Attorne        1220 Market St 5th Floor
1007 Market St Suite 700 Wilmington, DE 19801
Wilmington, DE 19801



Steve Hulman
9005 Green Top Rd
Lincoln DE 19960

Clerk
U.S. District Court
Lock Box 18
844 King St
Wilmington DE 19801